FOURNET, Chief Justice
(dissenting from the refusal to grant a writ).
It is clear from a mere reading of R.S. 15 :156 that this statute confers on a district attorney only the authority to take depositions before a judge or justice of the peace from persons he has reason to believe may have some knowledge of a crime that has been actually committed when a complaint with respect thereto has not been made to such public officers. There is not a single provision, phrase, or word in the statute itself — which is plainly written in simple language understandable to the ordinary person — from which it can be logically deduced a so-called “open hearing” such as is being conducted by the district attorney in an unbridled, unhampered, and unrestrained manner is authorized by R.S. 15:156.
The majority, in so ruling, has put words in the statute that do not exist in fact and has, in effect, not only rewritten R.S. 15 :156, but has arrogated to itself the prerogatives of the legislature in doing so. Moreover, the per curiam this day handed down in connection with the refusal of these writs by the majority is, in my opinion, nothing more than an “advisory opinion” that adopts a code of procedure governing the conduct of such “hearings,” and, actually, an admission that this so-called hearing as conducted up to this time has been a gross and unlimited abuse of the judicial process and an unconstitutional invasion of the rights of private citizens that should have long since been terminated by this court.
However reprehensible the crimes of malfeasance in office, public bribery, corrupt *569 influencing, and/or conspiracy to commit such offenses may be, and however laudable the effort of the district attorney in his zeal to ferret out and punish those guilty of them, it is my opinion that the injury that cannot but result from this unauthorized, unwarranted, and dangerous procedure will produce damaging and far-reaching results that will far outweigh any good that may be derived from such a hearing.
It may be well to note that:
1. Not one scintilla of credible evidence has been produced to show that any of the alleged crimes have been committed in Orleans Parish, or anywhere else for that matter.
2. The only evidence adduced is the testimony of a convict brought here from the state penitentiary to give hear-say evidence to the effect that rumors exist among the inmates of the penitentiary indicating a parole may be bought for a certain price when certain attorneys and members of the legislature — whose names are boldly proclaimed and published throughout all news media — are employed by a convict to secure it.
3. The members of the parole board have been subjected to harassment by questions that are suggestive, insinuating, and full of innuendoes intended to leave the impression they are actually guilty of some kind of crime or crimes. Such evidence could not be admitted in the trial of any case in any court of justice in the land, either civil or criminal.
4. To add to this disgraceful spectacle, I note by the news media the Governor of Louisiana has been subpoenaed as a witness.
It would seem to me that if the district attorney actually has, or felt he had, any information whatsoever that a crime has been committed in Orleans Parish, he should have at least SOME CREDIBLE EVIDENCE to support that belief, and that he would have first produced it to establish Orleans Parish as the legal jurisdiction in which to engage in such a “fishing expedition” before allowing the character of the individuals involved to be destroyed by such rumors, innuendoes, and completely unreliable hear-say evidence.